# Court of Appeals
## Tenth Appellate District of Texas

10-23-00257-CR

Bryan Stallworth,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
12th District Court of Walker County, Texas
Judge Albert McCaig, presiding
Trial Court Cause No. 30582

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury found Appellant, Bryan Stallworth, guilty of two counts of the felony offense of indecency with a child by sexual contact. After finding the two allegations of prior felony convictions true, the trial court assessed his punishment at confinement for life and sentenced him accordingly. This appeal ensued. We will affirm.

A. Issue One and Three

In his first and third issues, Stallworth argues that missing and inaccurate clerk's records denied him due process and require a new trial. Stallworth specifically complains that motions for self-representation, speedy trial, and discovery filed on September 7, 2022 were missing from the record.[1]

A court document is filed "when it is placed in the custody or control of the clerk." *Stansberry v. State*, 239 S.W.3d 260, 263 (Tex. Crim. App. 2007) (citing *Standard Fire Ins. Co. v. La Coke*, 585 S.W.2d 678, 681 (Tex.1979)). Under the presumption of regularity, we must presume, in the absence of evidence to the contrary, "the regularity of the proceedings and documents in [a] lower court." *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975); *see Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (en banc) (citing *McCloud*, 527 S.W.2d at 887); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (en banc) (citing *McCloud*, 527 S.W.2d at 887; *Nichols v. State*, 511 S.W.2d 945, 947–48 (Tex. Crim. App. 1974)).

If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk

---

[1] Stallworth also complains that a second motion for speedy trial filed on December 16, 2022 was missing from the record. In support of his brief, Stallworth attached multiple documents, some of which he claims are missing from the record. It is well-settled that appellate courts cannot consider evidence not in the appellate record on appeal. *E.g., Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

to prepare, certify, and file in the appellate court a supplement containing the omitted item. TEX. R. APP. P. 34.5. If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. *Id*. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement. *Id*. While the record may be supplemented under the appellate rules if something has been omitted, the supplementation rules cannot be used to create new evidence. *Whitehead*, 130 S.W.3d at 872.

Here, Stallworth contends that motions for self-representation, speedy trial, and discovery were filed on September 7, 2022 and are missing from the record. During the pendency of this appeal, Stallworth complained that these same motions had been omitted from the clerk's record. The case was abated to the trial court to provide a supplemental clerk's record containing these documents. A hearing was held and a supplemental clerk's record was filed with this court. Based on the record before us, a motion for self-representation, which appears in both the original clerk's record and supplemental clerk's record, was notarized on September 7, 2022, but not filed until April 13, 2023.

This motion is accompanied by a letter from Stallworth, dated March 10, 2023, stating that there are three copies of the motion enclosed and requesting that a file-stamped copy be returned to Stallworth before his next court date in May 2023. The record before us does not contain any objection to or evidence contradicting the file date of April 13, 2023. The trial court clerk certified that no documents filed on September 7, 2022 were located, and the record does not contain any other evidence to support Stallworth's claim that any documents were filed on that day.

Accordingly, we overrule Stallworth's first and third issues.

## B. Issue Two

In his second issue, Stallworth argues that the trial court erred in failing to hold a hearing or rule on numerous filed motions, specifically: an affidavit filed on October 26, 2022; a motion to quash indictment filed on March 1, 2023; a supplement to the motion to quash indictment filed on March 1, 2023; a motion for discovery filed on May 26, 2023; a motion for pretrial habeas corpus filed on July 17, 2023; and a motion for demand for discovery filed on July 28, 2023.

To preserve a complaint for appellate review, the complaining party must first make a timely request, objection, or motion that states the grounds for the ruling sought. *See* TEX. R. APP. P. 33.1. The complaining party must

then obtain an adverse ruling from the trial court on his request, objection, or motion, or the complaining party must object to the trial court's refusal to rule. *Id.* These rules express the general policy that an appellate court should not reverse a trial court on a matter that was never brought to the trial court's attention. *Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998).

Here, the record shows that the motions at issue were filed with the trial court clerk. However, the record does not show that Stallworth obtained an adverse ruling or objected to the trial court's refusal to rule on his motions. *See* TEX. R. APP. P. 33.1(a)(2). It does not appear that Stallworth ever brought these motions to the trial court's attention. *See Carranza*, 960 S.W.2d at 78-79.

Accordingly, we overrule Stallworth's second issue.

## C. Issue Four

In his fourth issue, Stallworth argues the trial court erred in allowing the State to impeach using two misdemeanor convictions older than ten years in violation of Rule 609.

In order to preserve error for appeal, a party must make a timely and sufficiently explicit request, objection, or motion. TEX. R. APP. P. 33.1. Because Stallworth did not object to the evidence at trial, he cannot now complain about its admission on appeal.

Accordingly, we overrule Stallworth's fourth issue.

## D. Issue Five

In his fifth issue, Stallworth argues that the trial court made an improper statement during voir dire, specifically that there is no definition of reasonable doubt.

The Court of Criminal Appeals has stated that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (citing *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L. Ed. 2d 583 (1994)). The Court of Criminal Appeals noted:

> Citing *Jackson v. Virginia*, the Court concluded, indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. It is ill-advised for us to require trial courts to provide the jury with a redundant, confusing, and logically-flawed definition when the Constitution does not require it, no Texas statute mandates it, and over a hundred years of pre-*Geesa* Texas precedent discourages it.

*Id.* (internal quotations & footnotes omitted). The Court of Criminal Appeals also stated that "the better practice is to give no definition of reasonable doubt at all to the jury." *Id.* Therefore, we cannot say the trial court erred in failing to define reasonable doubt.

Accordingly, we overrule Stallworth's fifth issue.

E. Conclusion

Having overruled Stallworth's five issues, we affirm the judgment of the trial court.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  July 2, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CRPM

